MARILYN KRATTENSTEIN ET AL. *v.* G. FOX AND COMPANY, INC.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued November 10—decided December 5, 1967

*Aaron P. Slitt,* for the appellants (plaintiffs).

*Aaron Nassau,* with whom was *William J. White,* for the appellee (defendant).

House, J.   Mrs. Marilyn Krattenstein and her husband brought this action claiming $55,000 damages for injuries allegedly caused when a waitress employed by the defendant negligently spilled hot coffee on Mrs. Krattenstein's arm and leg.  The case was tried to the court, which rendered judgment for the defendant.  From this judgment both plaintiffs appealed.  Since the husband's claim was limited to the medical expenses for his wife and therefore dependent upon the success of her appeal, in the

interests of simplicity, we will here discuss only the merits of her appeal and refer to her as the plaintiff.

There was conflicting testimony concerning the incident which occurred while the waitress was serving the plaintiff in a restaurant operated by the defendant. The court observed in its memorandum of decision that "[t]he waitress' version of what occurred, which the court credits, is completely different from that of the plaintiff." In its finding, the court expressly found that, although some coffee was spilled on the exposed lining of the plaintiff's coat, which was hanging at the side of the chair on which the plaintiff sat, no coffee was spilled into her lap, on her dress, or on her person. Furthermore, the plaintiff told the waitress that no coffee had gotten on her and that she was not injured. None of these findings by the court has been attacked. Under these circumstances, it is not necessary to consider the plaintiff's numerous assignments of error addressed to the court's finding of additional facts and its refusal to find others. The corrections sought would neither assist the plaintiff nor change the result in any way. *Taylor* v. *Taylor*, 154 Conn. 340, 341, 225 A.2d 196. The express and unattacked finding that no coffee spilled into the plaintiff's lap, on her dress or on her person amply supports the court's conclusion that the plaintiff failed to establish, by a fair preponderance of the evidence, the allegations in the complaint that the defendant's employee was guilty of a negligent act which was the proximate cause of the plaintiff's claimed injuries. We do not retry the facts or pass on the credibility of the witnesses. *Triano* v. *Brodowy*, 151 Conn. 445, 446, 199 A.2d 164. The trial court determines the credibility of the witnesses. *Taylor* v. *Taylor*, supra; *Morrone*

v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196. From the conflicting testimony, the court has found subordinate facts which fully support its conclusions. The plaintiff has not successfully attacked the judgment as rendered. *Romaniello* v. *Dyna Distributors, Inc.,* 154 Conn. 605, 606, 227 A.2d 430.

One claim of error in an evidential ruling requires brief mention. During the cross-examination of the waitress, the plaintiff's counsel questioned her regarding what she observed with respect to the position of the plaintiff's arms as she approached the table. The waitress testified that the plaintiff's arms were extended in the process of either serving or returning the salad utensils. When counsel began a question, "[w]hat did you expect that her arms—", counsel for the defendant interrupted and said: "I object to that." The court said: "Sustained." The plaintiff's counsel then said: "I'll take an exception to that, Your Honor," and the court said: "Exception." Neither the grounds on which the objection was based nor the grounds on which the unfinished question was claimed were stated by counsel, as is required by Practice Book § 226. Since the plaintiff did not state the grounds on which she claimed the evidence to be admissible, the ruling is not reversible error. *Megin* v. *Carney,* 148 Conn. 130, 134, 167 A.2d 855; *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153. Furthermore, since the court found that, in fact the waitress did not spill any coffee on the person of the plaintiff, she could not have been harmed by the ruling.

The plaintiff's remaining assignment of error relates to the action of the judge in presiding at the trial, which was to the court, after he had held a pretrial conference in his chambers and had urged a certain settlement of the case. The finding of the

court relative to this assignment of error discloses that, on the day the case was reached on the court assignment list, it was marked ready for trial, subject to prior ready cases. At the conclusion of the call of the cases that day, the judge announced in open court that he would be available in chambers if counsel in any cases desired to confer with him. Counsel for the parties went into chambers and asked to discuss the present case. This portion of the relevant finding is the only portion attacked. The plaintiff claims that counsel did not seek the conference but attended it because the presiding judge asked to see them. There is nothing in the record to support either version. At the conference, counsel for the parties explained the nature of the case, each stated what he expected to prove at the trial and each disclosed his opinion as to the value of the case for settlement purposes. On the basis of this information, the judge commented to the effect that it appeared that the case could go either way, depending on what evidence was introduced at the trial, and he suggested a dollar amount for settlement purposes. Counsel for the plaintiff left the conference and returned to report that the judge's recommended figure was not acceptable to his client. Counsel for the defendant stated that he would not offer any amount in excess of the judge's figure, and the judge thereupon asked the plaintiff's counsel to talk again with his client regarding settlement. Counsel did so and subsequently reported that the judge's settlement figure was not acceptable. Thereafter the plaintiff's counsel stated that the plaintiff was ready for trial. When the defendant suggested the possible necessity of a continuance to secure the attendance of an out-of-state witness, the plaintiff's counsel objected to any such postpone-

ment or continuance. The case was reached for trial thirteen days after the conference in chambers. At no time prior to or during the trial did the plaintiff raise any question of the judge's disqualification because of what happened during and as a result of that conference. The question was first raised in the plaintiff's request for a finding in connection with this appeal. Nevertheless the plaintiff now presses this assignment of error, asserting that the procedure "is inconsistent with the manner in which justice is generally administered in our state" and is one which "subjects a Trial Judge to a burden even the most conscientious and fair-minded Jurist would be unable to assume."

It is a proper exercise of the judicial office to suggest the expediency and practical value of adjusting differences and compromising and settling suits at law. The efficient administration of the courts is subserved by the ending of disputes without the delay and expense of a trial, and the philosophy or ideal of justice is served in the amicable solution of controversies. Our rules specifically provide for the procedure to be followed in pretrial sessions designed to encourage the settlement of cases. Practice Book §§ 178–83. When a jury are ultimately to determine the issues of liability and damages, a question is not likely to arise as to the disqualification of the judge who conducted the pretrial hearing and who thereafter presides over the trial of the case. When, however, a judge engages in a chambers conference looking to the settlement of a case which he is about to try as a court and in which he will be called upon to decide the issues of liability and damages, quite a different situation prevails. It is then impossible to avoid questions as to whether the judge can disregard, on the trial,

matters disclosed in the conference but unmentioned during the trial and whether a preliminary judgment, formed at the conference and predicated on unsubstantiated claims of proof, may have some subtle influence on a final judgment after a full hearing. It is inevitable that the basis is laid for suspicion, no matter how unfounded or unjustified it may be, and that failure to concur in what the judge may consider an adequate settlement may result in the imposition, upon a litigant or his counsel, of some retributive sanction or the incurrence of judicial displeasure.

For a judge in chambers to solicit or receive the opinion of counsel as to the dollar value of a court case which he is to hear; to express not only his opinion as to that dollar value but, after that opinion has been conveyed to a party, to persist in his efforts at settlement by requesting counsel again to convey it to his client; and, on further refusal of the litigant to accede to the judge's proposal, to hear the case and render judgment is a procedure which inevitably raises in the minds of litigants, as well as counsel, as it did in this instance, a suspicion as to the fairness of the court's administration of justice. It is a procedure which is inconsistent with the proper exercise of the judicial function and one which we do not approve.

Although the proper course, under such circumstances, would be for the judge to decline to hear the case, "[w]hen any judge is disqualified to act in any proceeding before him, he may act if the parties thereto consent in open court." General Statutes § 51-39. Neither the judge nor either of the parties suggested the possibility of disqualification in this case. On the contrary, the plaintiff not only failed to raise any question as to the judge's disqualifica-

tion to sit on the case but affirmatively objected to any postponement or continuance of the trial. A motion made at the commencement of the trial that the judge disqualify himself by reason of the proceedings in chambers might well have been granted, and, if it was denied, the ruling would be a proper subject of review by this court on appeal. As the case stands, not only has the claim been waived but it has also not been seasonably raised.

We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial. "We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141; *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95.

There is no error.

In this opinion the other judges concurred.