ELEANOR M. MADRIGALE ET AL. *v.* THOMAS CORRONE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 8-6512-4259

522

Argued September 30—decided December 13, 1968

*Alan E. Silver,* of New Haven, for the appellant (defendant).

*Richard G. Adams,* of New Haven, for the appellees (plaintiffs).

WISE, J. This is an action for the recovery of deposits made by the plaintiffs to the defendant under a written agreement to convey certain real estate and for reimbursement for certain services rendered and materials furnished. The complaint is in three counts and by an amendment a fourth count was added. The first count alleges that the plaintiffs and defendant entered into a written agreement by the terms of which the plaintiffs agreed to purchase and the defendant agreed to sell certain real estate at an agreed price of $20,500; that the plaintiffs gave the defendant two deposits, one for $500 and an additional one for $1000, toward the purchase; that in reliance on the agreement the plaintiffs engaged the services of a landscaper, painted the interior of the premises, and supplied the paint, all of which the plaintiffs obligated themselves to do in the written agreement; and that thereafter the de-

fendant refused to convey the premises to the plaintiffs, resulting in damage to the plaintiffs. The second count repeats the allegations of the first count and seeks reimbursement for the reasonable value of the services performed by the plaintiffs and materials and services procured by the plaintiffs. The third count repeats the allegations of the first and second counts and alleges that by his breach of the agreement the defendant has been unjustly enriched at the expense of the plaintiffs. The fourth count alleges that defendant sold the premises to another party at a greater price than that agreed on between the plaintiffs and the defendant and that therefore the plaintiffs lost such an increase in value and to that extent were damaged.

The defendant by his answer admitted that the agreement was entered into and that he did sell the premises to a third party; the remaining allegations were denied. The defendant counterclaimed, alleging in substance that the plaintiffs refused to purchase the premises and that as a consequence he was obliged to expend sums of money to do what the plaintiffs undertook to perform under the agreement. By setoff, the defendant claimed that the work performed by the plaintiffs was improperly done and had to be redone by the defendant.

Upon trial to the court the issues were found for the plaintiffs on the first and second counts of the complaint and on the counterclaim and setoff. The court found that the plaintiffs failed to sustain their burden of proof as to the fourth count. As to the third count, the court in its memorandum of decision stated that "the plaintiffs claimed it was included as an alternative and in view of the decision in this case this count is not considered."

The defendant in his brief and argument did not press any claims concerning the court's decision on

the counterclaim and setoff, nor did he assign it as error. As a consequence, we need not consider this aspect of the case. The same situation also applies to the plaintiffs as to the court's decision on the third and fourth counts of the plaintiffs' complaint.

Four principal issues are raised on this appeal: (1) Whether the court erred in denying the defendant's motion for request for a finding; (2) whether the court erred in allowing one of the plaintiffs to testify as to what he was told by a realtor who was not a party to the action and who was not present in court; (3) whether the court erred by finding that the plaintiffs paid certain bills, when the bills were excluded from evidence; and (4) whether the court's remarks in open court urging settlement on both parties during the course of the trial were error.

On the first issue, whether there was any error in the denial of the defendant's request for a finding, we point out that the appeal by the defendant omitted any statement to the effect that he desired to have reviewed the court's conclusions on the facts and omitted any request for a finding. The defendant admits, as indeed he must, that his appeal did omit this statement and did omit a request for a finding. It merely recited that the appeal was "from the judgment rendered therein." Section 979 of the Practice Book provides: "If the appellant desires to have reviewed the court's conclusions upon the facts, he shall add to his appeal a statement to that effect. If such a statement is not so filed, the appellant shall be deemed to have waived his right to a finding." Subsequent to filing his appeal, on February 21, 1968, the defendant, in a pleading dated February 23 and headed "Motion for Extension of Time to File the Findings," requested an extension of time "to file a Motion to Correct the Finding." On February 28, the defendant filed a "Re-

quest for Finding." In the filing of these motions, this court speculates that the defendant was acting under § 996 of the Practice Book, which is applicable to an appeal in jury cases but has no application to the instant situation. On March 22, a hearing on the motions was held in response to such a request by plaintiffs' counsel by letter dated March 1, which letter was sent to the trial judge and defendant's counsel. At the hearing, upon objection by the plaintiffs to the granting of the defendant's request for a finding, the trial judge denied a finding because of the aforementioned omissions in the appeal. It does not appear that the defendant objected to the letter, in form or substance, or to the holding of the hearing. Nor did the defendant set forth any defect pertaining thereto in his assignment of errors. While it is almost impossible for an appellate tribunal to review a case in the absence of a finding; *Munson v. Atwood,* 108 Conn. 285, 289; we may consult the memorandum of decision for a better understanding of the basis of the trial court's decision. *Rockville v. Public Utilities Commission,* 146 Conn. 1, 6; *Gordon v. Zoning Board,* 145 Conn. 597, 600; Maltbie, Conn. App. Proc. § 152. However, "we cannot go to a memorandum of decision by the trial court to ascertain the facts of the case unless the memorandum is made a part of the finding, and we have disapproved of the making of a memorandum a part of the finding for the purpose of making its findings a part of the facts of the case." *Munson v. Atwood,* supra, 209. The issues before the trial court were ones of fact. We do not retry the facts or pass on the credibility of the witnesses. The trial court determines the credibility of the witnesses. *Krattenstein v. G. Fox & Co.,* 155 Conn. 609, 611; *Taylor v. Taylor,* 154 Conn. 340, 341; *Morrone v. Jose,* 153 Conn. 275, 277. The defendant in his appeal did not comply with § 979 of the Practice Book so as to

entitle him to a finding. He therefore waived his right to a finding. Such a failure to comply is fatal to the defendant's request. We hold that the trial court was not in error in denying a finding.

The second assignment of error is misleadingly framed in that it is made to appear as though the outcome of the case stood or fell on the testimony in question. One of the plaintiffs was allowed to testify, over the defendant's objection, that the realtor had stated to him that the back porch was to have poured concrete and sliding doors. This was the only reference to what the realtor had said. The realtor, the agent of the defendant, consummated the transaction between the parties after many negotiations and was familiar with the details. A number of disputes had arisen between the parties during the construction of the house. There was abundant testimony by the plaintiff of other matters of noncompliance of the agreement without reference to the realtor. According to the pleadings in the case, the real issue was which of the parties repudiated the agreement. This was purely a question of fact. The trial court found the issues in favor of the plaintiffs. From the memorandum of decision, it is clear that the admission of the realtor's statement was not to prove the truth of the matter but merely to prove the existence of a dispute between the parties. The defendant could not be harmed by this reference, and it certainly cannot be reversible error. It is interesting to note that the defendant, in the wording of this assignment of error, does not question the agency of the realtor. He ignores it. Proof of agency is ordinarily a question of fact. The realtor's statement under the circumstances was admissible. Holden & Daly, Conn. Evidence § 104, and cases cited, p. 489. We hold that the trial court did not err under this assignment of errors.

As to the third assignment of error, again it is misleadingly framed. The plaintiffs, in order to reduce the purchase price of the premises, agreed to furnish certain materials and perform certain labor. In carrying out this obligation, the plaintiffs actually paid for certain materials and labor and obligated themselves to pay for others. The trial court discusses this aspect of the case in its memorandum of decision. Indeed, a $350 item for landscaping was paid by the plaintiffs directly to the defendant because the landscaper was indebted to the defendant. More accurately, the question presented is whether it was reversible error for the court to accept and believe the plaintiffs' testimony regarding expenditures for labor and materials, while excluding the bills therefor from evidence. Actually, this presented a question of fact, which the trial court found in favor of the plaintiffs. The plaintiffs actually paid and incurred obligations to pay for materials and services which they agreed to furnish and perform under the agreement and which were furnished and performed prior to the breach of the agreement by the defendant. If by this assignment of error the defendant means that, as the bills were excluded, the court could not accept the plaintiffs' testimony as to the various amounts because of the lack of "expert" testimony on their reasonableness, we cannot agree with such a contention. Based upon the elementary proposition that the measure of damages for a breach of contract is the loss which the injured party has thereby sustained, the rule in its more specific application embraces "the two distinct elements of (1) expenditures already incurred 'toward performance,' and (2) 'the profits that he would realize by performing the whole contract.'" *Tompkins, Inc.* v. *Bridgeport,* 94 Conn. 659, 682. The plaintiffs offered evidence of their obligated expenditures. Of the sufficiency

of this evidence, the defendant makes no complaint. In its most favorable light, his complaint is confined to the claimed insufficiency and incompetency of the evidence as to the reasonable value. Yet the defendant offered no testimony to challenge or discredit the plaintiffs' testimony as to these items. The court awarded the plaintiffs the sum of $585.53, which they expended in the performance of their obligations under the agreement, plus the $1500 in deposits. Applicable to the instant situation is what the court stated in *Tompkins, Inc.* v. *Bridgeport,* supra, 683: "Indeed, having been established as incurred during the fair progress of and in connection with the work, such items of expense were to be regarded as prima facie reasonable for their purpose. 'Unless there is some artificial rule of law which has taken the place of natural justice in relation to the measure of damages, it would seem to be quite clear that the claimant ought at least to be made whole for his losses and expenditures. So far as appears, they were incurred in the fair endeavor to perform the contract which he assumed. If they were foolishly or unreasonably incurred, the . . . [defendant] should have proven this fact. It will not be presumed.' *United States* v. *Behan,* 110 U.S. 338, 344 . . . ." We hold that the trial court did not err under this assignment of error.

As to the fourth assignment of error, we hold that it is without merit. The defendant relies solely on *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609. The factual situation in that case is different from that in the instant case. Unlike the *Krattenstein* case, in the case at bar the court merely made efforts during the trial to urge settlement on both parties. There is nothing in the record of the case which remotely states or infers that the trial judge solicited or received the opinion of counsel as to the dollar value of the case; nor did the trial judge at any time

express his own opinion as to that dollar value; nor was there any chambers' conference between the trial court and counsel before or during the trial; nor did the trial judge participate in any pretrial negotiations of the parties; nor were there any confidential disclosures. At most, what the trial court did was to urge a settlement, and this was directed to both counsel. It cannot be questioned that it is a proper exercise of the judicial office to suggest the expediency and practical value of adjusting differences and compromising and settling suits at law. Significantly, the defendant at no time objected to the trial court's comments; nor did he move for disqualification or mistrial. "We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." *Krattenstein* v. *G. Fox & Co.*, supra, 616. As the case stands, the claim under this assignment of error not only has been waived but has not been seasonably raised. It is of interest to note that the comments of the trial court urging settlement were not one-sided, for it found against the plaintiffs on the fourth count and did not consider the third count.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.