STATE OF CONNECTICUT *v.* DENNIS MALUK
(5346)

BORDEN, SPALLONE and BIELUCH, Js.

Argued February 4—decision released April 14, 1987

*Kenneth Rosenthal,* assistant public defender, with whom, on the brief, was *Donald D. Dakers,* public defender, for the appellant (defendant).

*Mary Galvin,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment rendered after his plea of guilty to the crime of arson in the second degree, a violation of General Statutes § 53a-112 (a) (1) (A). The defendant claims that he was denied due process of law when he was sentenced by Judge Kinney, who had actively participated in his plea negotiations. The defendant alleges that Judge Kinney should have disqualified himself and referred the case to a different judge for sentencing. We find no error.

After the state's attorney and the defendant's counsel failed to achieve a pretrial disposition of the defendant's case, the case was assigned to the court, *Purtill, J.,* for trial. At the commencement of trial, the defendant, in exchange for a guilty plea, was offered a sentence that would be no greater than twelve years, suspended after six years, followed by five years of probation, with

the right to argue for a lesser sentence at the time of sentencing. The court, *Purtill, J.,* accepted the guilty plea and after admonishing the defendant that the sentencing agreement would not be binding on the sentencing judge, continued the case to allow for the preparation of a presentence investigation. The defendant was thereafter granted an additional continuance to prepare an alternative sentencing proposal.

On June 27, 1986, the scheduled date for the defendant's sentencing, Judge Purtill was unavailable and the case was assigned to Judge Kinney for sentencing. At the sentencing hearing, defense counsel asked that the matter be referred to Judge Purtill because, as the defendant states in his brief, (1) he had entered his guilty plea in reliance on the expectation that Judge Purtill would be the sentencing judge, and (2) Judge Kinney had previously participated in plea discussions where the defendant had rejected an offer of a fixed sentence of six years even though Judge Kinney had indicated to defense counsel that defendant should have accepted the offer. Judge Kinney denied the request and, following the lunch time recess and after hearing oral argument by counsel and a statement by the defendant, the court sentenced the defendant to the maximum amount under the agreement: twelve years, execution suspended after six years, with five years probation.

On appeal, the defendant has not pursued the claim that he had a right to be sentenced by Judge Purtill. Instead he argues that Judge Kinney should have disqualified himself because of his participation in plea negotiations. He relies on *State* v. *Fullwood,* 194 Conn. 573, 580, 484 A.2d 435 (1984) and *State* v. *Gradzik,* 193 Conn. 35, 47, 475 A.2d 269 (1984), where our Supreme Court criticized the practice of trial judges actively participating in plea negotiations on the

grounds that such a practice is likely to impair a trial judge's impartiality and result in a departure from his proper role as a neutral arbiter.

Initially, we observe that there is nothing in the record to indicate that the defendant formally moved, either orally or in writing, that Judge Kinney should disqualify himself. Defense counsel had an opportunity to prepare a written motion during the lunch time recess, but failed to do so; defense counsel, who represented the defendant both at trial and on appeal, candidly admitted to us in oral argument that he was unaware of the rules of practice on this matter. Even if we assume arguendo that the defendant's request that Judge Purtill should do the sentencing can be construed as a motion for disqualification, such an oral motion would fall far short of the proper procedures for the disqualification of a judge set forth in Practice Book § 997[1] and *State* v. *Weber,* 6 Conn. App. 407, 413, 505 A.2d 1266, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986).[2]

The record and transcript in this case dramatically illustrate the rational behind Practice Book § 997. The

---

[1] Practice Book § 997, provides:

"A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time."

[2] In *State* v. *Weber,* 6 Conn. App. 407, 413, 505 A.2d 1266, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986), we stated: "Representations made by counsel are not evidence in the record upon which we can rely in our review of the judge's conduct. Counsel's failure to conform to the dictates of Practice Book § 997, which requirements we hold to be mandatory are a condition precedent to a hearing on a judge's disqualification. . . . The lack of a recusal hearing leaves the record bereft of any factual basis upon which we may base our review. It is the appellant's responsibility to secure a record which is adequate for appellate review, and under normal circumstances, as here, a case will not be remanded to correct a deficiency the appellant should have remedied." (Citation omitted.)

transcript does not indicate the degree, if any, to which Judge Kinney participated in any plea negotiations involving the defendant. There is a statement in the transcript by defense counsel that Judge Kinney had previously expressed an opinion off the record that a six-year sentence was appropriate in this case. That is, however, all the record discloses. There is no indication from the record what exactly Judge Kinney said or just how his remarks should be interpreted. When reviewing the failure of a judge to disqualify him or herself, our task is to determine whether the judge's partiality might reasonably be questioned. *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 744–45, 444 A.2d 196 (1982). Where the disqualification of a judge is based on bias or impartiality, as is alleged here, his conduct is governed by Canon 3 (C) of the Code of Judicial Conduct. Id., 744–45; *State* v. *Weber,* supra, 413. Without an adequate record, however, we have no way of determining whether the Judicial Code has been violated.

We reiterate our holding in *Weber* that where a judge's disqualification is sought under Canon 3 (C) (1) of the Code of Judicial Conduct, it is mandatory that there be at least substantial compliance with the requirements of Practice Book § 997. That rule serves the twin purposes of alerting the trial judge that his participation in the proceedings is in question and providing an appellate court with an adequate record to review the trial judge's determinations. Both of these functions are normally necessary for an appellate court to review any claim of error, including a claim that a trial judge erred by refusing to disqualify himself. See *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 615–16, 236 A.2d 466 (1967) (refusing to review claim of disqualification not raised at trial). We do not mean to imply, however, that there are no instances where, despite the lack of proceedings initiated in conformance to Practice Book

§ 997, a judge should not disqualify himself. A judge should not hesitate to disqualify himself sua sponte where his participation in a matter would violate Canon 3 (C) of the Code of Judicial Conduct or General Statutes § 51-39 unless he obtains the parties' consent to his participation in open court pursuant to General Statutes § 51-39 (c). See *Dacey* v. *Connecticut Bar Assn.*, 170 Conn. 520, 523, 368 A.2d 125 (1976); see also Practice Book § 996.

Here, however, the record fails to provide us with sufficient information from which we may determine whether the court's failure to disqualify itself was erroneous. Without such information, we cannot say that Judge Kinney erred in presiding over the defendant's sentencing.

There is no error.

In this opinion the other judges concurred.