[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ON PLAINTIFF'S MOTION TO DISQUALIFY
Plaintiff moves to disqualify the undersigned judge on the grounds that he has made statements about potential fees for defendant AAUP's counsel that reveal a preconceived position or bias by the judge.
In this action plaintiff sued the University of Connecticut and the American Association of University Professors — University of Connecticut (hereinafter AAUP) for violation of the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff settled with the University in the course of the jury trial, for $40,000. During settlement negotiations the undersigned judge urged the plaintiff to settle also with the AAUP because, he stated, if AAUP prevailed, it would seek attorney's fees and those fees could be larger than the amount the plaintiff received from the University. For a variety of reasons, including other demands of AAUP, plaintiff refused to settle with AAUP. The case went to to the jury which returned a verdict for defendant AAUP.
Thereafter, AAUP moved for attorney's fees pursuant to42 U.S.C. § 1488. Plaintiff opposed the motion and CT Page 2491 simultaneously moved for this court to disqualify itself. The undersigned judge refused to do so on the grounds that the statement made to plaintiff's attorney pointed out factors that he should consider in deciding whether or not to settle the case, and did not indicate the court's conception of the merits of AAUP's claim. Subsequently, the court decided AAUP was entitled to attorney's fees under 42 U.S.C. § 1988, leaving to another day the amount of those fees.
Now in this proceeding to determine that issue plaintiff claims that the court's remarks, made during settlement negotiations, that if AAUP prevailed before the jury, AAUP attorney's fees could possibly amount to more than the $40,000 plaintiff received from the University, reveals such a fixed position as to require the undersigned judge to disqualify himself. The standard to apply is the appearance of impartiality by the trier. Cameron v. Cameron, 187 Conn. 163,170 (1982). By indicating the possibility of an award of legal fees to AAUP in excess of $40,000, the undersigned judge has overstepped the bounds of fairness and raised in the mind of the plaintiff at least "a suspicion as to the fairness of the court's administration of justice." Krattenstein v. G. Fox, 155 Conn. 609, 615 (1967).
For this reason the court grants plaintiff's motion to disqualify himself from further consideration of the case.
Robert Satter, J.