[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY JUDGE CT Page 1108
The above entitled motion was presented to the court on September 29th, two weeks after the end of the testimony in the dissolution action in which the movant was the defendant. The action was brought by the plaintiff wife in June of 1990. It came before this judge referee in August of 1992, and a trial was held on August 25 to 27, ending on September 15th.
The parties were ordered to file briefs by September 29th. The defendant filed a brief but also filed a motion to disqualify dated September 28, 1992 and filed in court on September 29. That motion is denied for the following reasons.
The motion to disqualify is not timely. It was not filed until two weeks after all the testimony had been heard. See Krattenstein v. G. Fox Co., 155 Conn. 609 at 616 (1967); Keppel v. By Ross Builders, Inc., 7 Conn. App. 935 at 943 (1987).
The main reason or the basis for the motion appears to be the denial by the court of the defendant's motion to disqualify the attorney for the plaintiff and to prevent her from testifying. But no motion to disqualify the judge was made at that time.
The reason for the defendant's motion to disqualify the attorney for the plaintiff was that he had brought suit against her as well as against the plaintiff in the United States District Court.
The basis for the court's action in denying the defendant's motion to disqualify the attorney was, first, that this motion had previously been ruled upon by Judge Mancini off the bench in a hearing on February 7, 1992. Judge Mancini later recused himself upon motion of the defendant.
In addition, the request to have counsel testify was made before Judge McGrath and alluded to in his decision on the CT Page 1109 defendant's motion to dismiss dated June 24, 1992. This request was also denied by Judge McGrath.
In this case the court examined the complaint filed by the defendant in the United States District Court against both the plaintiff and her counsel (exhibit G). It appears from the complaint that the gravamen of the action is that the plaintiff has brought a divorce action in the state court and the motions made in the course of the dissolution proceeding are the basis for the defendant's complaints. It also appeared, on its face, that this is an attempt to delay and, perhaps, stop the proceedings for dissolution in the state court.
Parenthetically, defendant's action in the federal court was dismissed sua sponte by Judge Ellen Burns in the federal district court and her decision was affirmed by the Circuit Court of Appears for the Second Circuit (according to papers filed by plaintiff's counsel in December, 1992).
The action of the defendant in bringing the federal suit is on a par with other actions he has brought against plaintiff's counsel as well as against others in connection with this dissolution action. Thus, he brought charges against the plaintiff's counsel before the federal grievance committee and the state bar committee. Both committees have dismissed those charges.
The defendant also brought charges against the state bar grievance committee for failure to hold a hearing on his complaints. This action was reported in a newspaper as including a 220 page document (see exhibit H).
Before this court, the defendant had subpoenaed Judge Jones to testify with regard to a protective order issued by him after a full hearing because initially the order was signed in chambers on the basis of an affidavit but not put into effect until after the hearing. (See transcript of hearing before Jones, J. dated January 7, 1991.)
This court granted Judge Jones' motion to quash the subpoena issued by the defendant since there had been a hearing before the protective order was put into effect at which the defendant was present and was represented by counsel. The statute, therefore, with respect to protective orders was fully complied with. CT Page 1110
The defendant's purpose, it seems to the court, in bringing the action against the plaintiff's counsel was to prevent her from representing the plaintiff in the dissolution action and, thus, causing a delay in the action and requiring the plaintiff to obtain different counsel. All of the defendant's actions, including the district court action, appear to this court to be an attempt to subvert the judicial process in order to prevent his wife from obtaining a dissolution of their marriage.
Were the court to recuse itself now the defendant's goal would be accomplished; namely, delaying the proceeding and preventing the court from deciding the matter before it even though the briefs have been filed, the testimony has been heard and there is nothing further to be done except make a decision.
Under these circumstances, the court feels that it would be a travesty of justice to recuse herself. Consequently, the motion is denied.
MARGARET C. DRISCOLL, JUDGE REFEREE
SCHEDULE A
1. Portrait of David Whitmer (the Husband's great-great grandfather and a family heirloom.
2. The Husband's passport and any other personal papers of the Husband presently located in the marital home.
3. The title to the Husband's Toyota.
4. Telescope and star map globe.
5. Stueben paperweights with golf motif, two (2) (from Family Circle Cup).
6. One (1) desk, either the Husband's or the one that was his mother's.
7. Golden Tee glassware, personalized with the Husband's initials (three (3) sets of four (4) glasses).
8. Assorted golf clubs (not including any that are used by the Wife, CT Page 1111 Catherine or Claire.
9. Golf books.
10. Tennis racquet.