[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD
On August 5, 1997 the Plaintiff Richard Preston filed an application pursuant to C.G.S. § 52-418 to vacate an arbitration award issued by Arbitrator Louis Pittocco on July 11, 1997 (the "Award"). The Award resolved a grievance filed by the plaintiff Richard Preston, concerning his discharge by the Division of Criminal Justice on May 9, 1995. Arbitrator Pittocco concluded that Preston's discharge was supported by "just cause" under the applicable collective bargaining agreement.
On February 17, 1998, the parties entered into a joint stipulation of facts (stipulation) with attached exhibits, setting forth most of the facts and including all of the documents pertinent to the resolution of the case. Subsequently, the court, Devlin, J., on June 2, 1998 ruled that the plaintiff could submit additional evidence in support of his Application to Vacate, limited to the issue of timeliness of the Award. A hearing for that limited purpose was held by this court on October 30, 1998, following which the parties were directed to submit briefs all of which were in by December 4, 1998.
The following facts have been stipulated to: the plaintiff, Richard Preston, is a former prosecutor for the Division of Criminal Justice and was a member of the prosecutor's bargaining unit, Connecticut Prosecutors, Local 1437, Council 4, AFSCME, (the Union) which had a Collective Bargaining Agreement (Agreement) with the State of Connecticut, Division of Criminal Justice (the Division), covering the period from July 1, 1994 to June 30, 1997. The Collective Bargaining Agreement contains provisions for discipline (Article 13) and a grievance procedure for filing for final and binding arbitration (Article 9). On May CT Page 2528 9, 1995, Chief State's Attorney John M.. Bailey discharged the plaintiff from employment as a State employee prosecutor. The Union requested a "stay" of timelines for filing of arbitration in this case by letter dated May 18, 1995. On July 24, 1995, the Union submitted its list of acceptable arbitrators to the Division. On August 5, 1996 the Division informed the Union that it had selected Louis Pittocco from the Union's list of arbitrators. Pursuant to the Collective bargaining agreement, the Union and Division submitted a grievance to arbitration. Hearings on the dispute occurred in Rocky Hill, Connecticut on October 30 and November 5, 1996 and January 23, March 31 and April 2 and May 1, 1997 before Arbitrator Louis Pittocco. At the first arbitration hearing on October 30, 1996, the plaintiff signed a waiver of union representation and proceeded to represent himself at the arbitration hearing. The last day of the arbitration hearing was May 1, 1997. The parties agreed to submit post-hearing briefs to the arbitrator post-marked May 30, 1997, which date was extended by mutual agreement to June 6, 1997. In a letter dated July 2, 1997, Arbitrator Pittocco advised the parties that he would be post-marking the award by Friday, July 11, 1997. Attorney Saranne Murray responded to the Arbitrator's letter with a letter dated July 7, 1997. AFSCME Representative Joel Schweidel responded to Attorney Murray's letter to Arbitrator Pittocco with a letter dated July 11, 1997. The Arbitrator issued the award on July 10, 1997 with a letter dated July 11, 1997
The parties further stipulated to the following provisions of the Collective Bargaining Agreement:
Article 9, Grievance Procedure, Section 9(d)
 The arbitrator shall have no power to add to, subtract from, alter, or modify this Agreement. . . . The arbitrator shall render his/her decision in writing no later than thirty (30) calendar days after the conclusion of the hearing unless the parties jointly agree otherwise.
The arbitrator's decision shall be final and binding on the parties in accordance with the Connecticut General Status Section 52-418
provided, however, neither the submission of questions of arbitrability to any arbitrator in the first instance shall be deemed to diminish the CT Page 2529 scope of judicial review over arbitration award, including awards in competent jurisdiction to construe any such award as contravening the public interest.
 Late Arbitration Awards. On those cases in which an arbitrator fails without provision of the parties to render a decision within the contractual time limits.
a. The award shall be void;
b. The arbitrator shall be dropped from the panel;
c. The arbitrator shall not be paid.
In addition to the above stated facts stipulated to, the court finds the following facts from the evidentiary hearing held on the issue of timeliness. Arbitrator Pittocco's letter of July 2, 1997 advising the parties he intended to postmark the Award no later than Friday. July 11, 1997 was delivered on July 5, 1997 but was not seen by Patterson until the following Monday on July 7, 1997, because he had been away for the weekend. The morning of July 7, 1997, defendant's attorney Ann Littlefield called Patterson and asked him to jointly agree to the extension. Patterson told her he would have to do some research before he responded to her suggestion of a joint agreement for an extension of time. Later that same afternoon of July 7th Patterson left a message for Littlefield that he would respond separately to Arbitrator Pittocco. Littlefield at the same time she contacted Patterson also contacted Joel Schweidel, the Union's agent about the requested extension of time. Schweidel told Murray that while he did not feel the Union had standing in the matter because Preston was representing himself, the Union had no objection to the extension of the deadline.
After receiving Attorney Murray's letter of July 7, 1997, Preston called Schweidel and instructed him to write to Arbitrator Pittocco advising him that the Union would not take a position on the extension of the deadline for filing the decision. Schweidel in his letter dated July 11, 1997, to Pittocco so stated Preston made no effort to contact Arbitrator Pittocco at any time either to inform the arbitrator that he believed the Award to be void for lateness or to advise Pittocco that he would not agree to any extension of time for the issuance of the Award. CT Page 2530
The Arbitrator Pittocco in his letter seeking the extension of time had in error used the due date of July 6, 1997.
Since the last brief came in on June 10, 1997, Pittocco had within 30 days of June 10, 1997 to issue his decision. The decision was issued on July 11, 1997.
The plaintiff contends that because his award was untimely the Arbitrator exceeded his powers under Conn. Gen. Stat. §52-418 (a)(4) and the parties Collective Bargaining Agreement. Conn. Gen. Stat § 52-418 (a)(4) provides that an award may be vacated by a superior court judge if such judge finds that ". . . the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." In the instant case the plaintiff relies on Article 9, Section d of the Collective Bargaining Agreement which provides that "the arbitrator shall render his decision in writing no later than thirty (30) calendar days after the conclusion of this hearing unless the parties jointly agree otherwise." The plaintiff argues that given the clear and unambiguous provisions of the Collective Bargaining Agreement, the award cannot stand. The plaintiff contends that the mandate that the arbitrator issue his award in a timely manner is underscored by the inclusion in the Collective Bargaining Agreement under the caption "Late Arbitration Award" of the provision that in those cases in which an arbitrator fails without permission of the parties to render a decision within the contractual time limits, the award shall be void, the arbitrator shall be dropped from the panel, the arbitrator shall not be paid. Since the arbitrator did not have permission of both parties the plaintiff would have this court declare the award void.
The defendant counters with the argument that the award was issued on a timely basis, that the Union consented to an extension of the deadline, and that the plaintiff waived the right to challenge the timeliness of the award. The defendant's contention that the award was timely is based on the premise that the award was issued on July 10, 1997 which would be 30 days from the date that the last brief was received by the arbitrator. In fact the arbitrator issued his decision on July 11, 1997, one day after the 10th.
The defendant's second argument is that the Union as a party CT Page 2531 to the action consented to the extension of time until July 11, 1997, as requested by the arbitrator. The collective bargaining agreement imposes a 30-day limit for the issuance of an award unless the parties jointly agree otherwise. The Union's agent, Joel Schweidel informed the defendant's counsel that while he did not feel the Union had standing in the matter since Mr. Preston was representing himself, the Union had no objection to the extension of the deadline for filing the award presented by the arbitrator. This information was communicated to the arbitrator by the defendant's counsel together with their own agreement to the extension requested.
The language of the collective bargaining agreement is controlling. Where it is clear and unambiguous the court must apply it as stated. Lawson v. Whitey's Frame Shop, 241 Conn. 678,686 (1997). The agreement starts with the Preamble which reads as follows:
 "State of Connecticut, acting by and through the Connecticut Division of Criminal Justice, hereinafter called the "Division" or the "employee" and Connecticut Prosecutors, Local 1437, AFSCME Council 4, hereinafter called the `local'".
and continues with the witnesses, etc. paragraph which reads as follows:
 "whereas the parties of this agreement desire to establish a state of amicable understanding, cooperation and harmony; and"
The collective bargaining agreement calls for the separating of the American Federation of State County and Municipal Employees, Connecticut Council #4, AFL-CIO, the State of Connecticut Executive Branch and the State of Connecticut Judicial Branch.
The instant action is an appeal from an arbitration sought by Local 1437 AFSCME Council #4 ("Union") concerning termination of the employment of Richard Preston a member of the bargaining unit covered by the agreement. The arbitration proceedings is referenced as: "In the matter of Division of Criminal Justice and Local 1437 of Council 4, AFSCME AFL-CIO." The grievant Richard Preston declared his intention to proceed pro se in the arbitration, and to release the Union from its duty of representation. However, the Union remained the named party in CT Page 2532 the matter before the arbitrator. As such under the agreement it had the authority to grant the extension of time requested by the arbitrator. The arbitrator cannot be put in the position of having to determine whether under the agreement the Union can or cannot give consent to the request for an extension of time when the grievant elects to represent himself in the proceedings. The arbitrator has the right to rely on the language of the agreement which specifies "parties" as being the ones who must jointly agree to an extension of time In this case there was joint agreement between the Division and the Union for the extension of time until July 11, 1997. The award issued on July 11, 1997, within the extension of time agreed to and was therefore timely.
As to the waiver issue, were the grievant Preston a party with the sole right to grant the extension of time, he would have waived this by his action of waiting until the award issued to advise that he would not grant the extension requested. In AFSMEv. New Britain, 206 Conn. 465, 468 (1988), the court held that the plaintiff's failure to raise the issue of timeliness prior to the issuance of the arbitration award operates as a waiver of their right to assert the lack of timeliness in the board's decision. In AFSCME v. New Britain, supra, the arbitration award was filed 229 days after the last hearing and 133 days after the time allowed by the board for the submission of briefs.
In Diamond Fertilizer and Chemical Corp. v. CommoditiesTrading International Corp. , 211 Conn., 541 (1989) the court cites Krattenstein v. G. Fox Cco., 155 Conn. 609 (1967) for the proposition that "we will not permit parties a right to impeach it or set it aside if it happens to be against them, for a cause which was known to them before or during the trial." at 553. InKrattenstein the plaintiff moved to disqualify the judge after the trial by reason of the proceedings in chamber before the commencement of the trial.
Plaintiff's assertion that he had no obligation to affirmatively object to the arbitrator's late award, flies in the face of holdings in Krattenstein, supra, and AFSCME v. NewBritain, supra.. The plaintiff in those cases held off raising the question of timeliness until after the decisions, which were unfavorable to him, had issued.
Plaintiff contends that the time limit in the instant case was not statutory but set pursuant to the arbitration agreement and therefore mandatory absent joint consent to extend. The time CT Page 2533 limit with provision for extending it gives the arbitrator the opportunity to ask for more time if he or she thinks it is needed. Once the arbitrator communicates his or her request the parties cannot sit on the request until the time runs. In the instant case Preston had no contact with arbitrator Pittocco after receiving Pittocco's letter requesting an extension. Preston led defendant's counsel to believe he would contact Pittocco himself. Instead, Preston called the Union representative and instructed him to advise Pittocco that the Union had no authority to agree to extend the time. At no time did Preston raise the issue of timeliness until after the unfavorable decision issued. Thus, this court concludes that the plaintiff cannot prevail on the timeliness issue having waived it.
The application to vacate ARBITRATION AWARD is denied.
Mary R. Hennessey, J.