ROBERT E. KANE *v.* ELIZABETH G. KANE
(14994)

Dupont, C. J., and Foti and Spear, Js.

Submitted on briefs September 30—officially released November 5, 1996

*Gary Cohen* and *M. Katherine Webster-O'Keefe* filed a brief for the appellant (defendant).

*John P. Febboriello* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the judgment of the trial court in this dissolution action. She claims that the trial court improperly (1) denied her motion for mistrial which was based on an alleged ex parte conversation between the plaintiff and the trial judge, (2) failed to have another judge decide the motion for mistrial and (3) made statements that created a reasonable question of the trial court's impartiality. She also claims that the court abused its discretion in applying the statutory criteria of General Statutes § 46b-82 to the facts of this case. Because we conclude that the motion for mistrial should have been granted, we do not reach the remaining issues.

The following facts are relevant to this appeal. The action was tried to the court on May 31, June 1 and June 5, 1995. The trial was held in the judge's chambers because of a shortage of courtrooms. When the plaintiff returned to the judge's chambers after a lunch break on June 1, 1995, neither the defendant nor her counsel was present. The judge was sitting at his desk, and the plaintiff was in his seat near the counsel table. A conversation ensued between the plaintiff and the judge. The paralegal for the defendant's counsel returned to the room during the conversation and heard the plaintiff ask the judge how his stepson, "Reese," was doing. The judge responded to that inquiry, and comments were then exchanged regarding a Mitsubishi automobile and a particular business condominium that the plaintiff suggested would be "a steal" for the judge's

stepson. As others reentered the room to resume the trial, comments were also exchanged between the judge and the plaintiff regarding a certain golfing event.

Counsel for the defendant learned of the conversation that day or the next and filed a motion for mistrial on Friday, June 9, 1995, at which time the trial court had not yet rendered its decision in the dissolution action. The same trial judge heard the motion for mistrial on June 13, 1995. At that hearing, the defendant did not claim that any actual impropriety had occurred, but, rather, she claimed that there was the appearance of impropriety. Conflicting testimony was given as to whether the door to the judge's chambers was open during the conversation, whether the court reporter was present and how long the conversation lasted. The plaintiff testified that the same Mitsubishi automobile and condominium mentioned in the conversation were subjects of testimony at trial in the dissolution action before the court. At the conclusion of the hearing, the trial court denied the motion for mistrial.

On appeal, the plaintiff argues that no impropriety occurred because the conversation in question occurred in the presence of others. He argues that there was no appearance of impropriety because no reasonable person could have questioned the judge's impartiality under the circumstances. Further, the plaintiff, citing *Timm* v. *Timm*, 195 Conn. 202, 487 A.2d 191 (1985), and *Cahn* v. *Cahn*, 26 Conn. App. 720, 603 A.2d 759 (1992), aff'd, 225 Conn. 666, 626 A.2d 296 (1993), claims that the appeal should be denied because the defendant's motion was not timely filed.

Before we reach the issue of whether the motion for mistrial should have been granted, we must first determine whether it was timely. Generally, a party may not "anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against

them, for a cause which was well known to them before or during the trial. We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." (Internal quotation marks omitted.) *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 616, 236 A.2d 466 (1967).

In both *Timm* v. *Timm*, supra, 195 Conn. 202, and *Cahn* v. *Cahn*, supra, 26 Conn. App. 720, the claims at issue were first raised on appeal, after a decision on the merits had been reached. It was, therefore, too late to correct any error. In the present case, although the claim of impropriety was not raised immediately upon the defendant's counsel's learning of the conversation in question, it was raised prior to any decision on the merits. The plaintiff has offered no authority to the effect that the claim must be made at any particular time other than prior to the rendering of a decision on the merits. We conclude that the motion for mistrial was timely filed.

We understand that when a case is tried in chambers, a judge is not insulated from casual contact with the parties and attorneys, unlike when a case that is tried in a courtroom. During a trial in chambers, however, the judge should take whatever special precautions are necessary to avoid such contact in order to prevent any resulting appearance of impropriety. Although our review of the record reveals no evidence of any actual impropriety, we conclude that there was the appearance of impropriety. See *Krattenstein* v. *G. Fox & Co.*, supra, 155 Conn. 609. The motion for mistrial should have been granted.

The judgment is reversed and the case is remanded for a new trial.