PAULA PARKER ET AL. *v.* SHAKER REAL ESTATE, INC., ET AL.
(AC 16117)

Spear, Dupont and Healey, Js.

Argued September 23, 1997—officially released January 20, 1998

*Ridgely W. Brown,* for the appellants (plaintiffs).

*Herbert F. Rosenberg,* with whom, on the brief, was *James M. Mannion,* for the appellees (named defendant et al.).

*Andrew J. O'Keefe,* with whom, on the brief, was *Katherine Cunningham,* for the appellee (defendant Shirley Szot).

*Christopher T. Donohue,* with whom, on the brief, was *Steven R. Smart,* for the appellees (defendant Scalzo Realty, Inc., et al.).

*Opinion*

SPEAR, J. The plaintiffs in this real estate dispute appeal from the judgment of the trial court rendered after a directed verdict in favor of the defendants.[1] The plaintiffs claim that the trial court improperly (1) directed a verdict in favor of the defendants, (2) reimpaneled the jury after discharging them and again directed the verdict, and (3) dismissed plaintiff Paula Parker's claims for lack of standing.[2]

The plaintiffs sought damages stemming from their allegations that (1) during the 1930s and 1940s, the subject property was used as a gasoline station, (2) gasoline tanks had never been removed from the property, (3) hazardous materials were buried on the property and were still there when the plaintiffs purchased the property on September 14, 1990, and (4) the prior use and history of the property was not disclosed to them by any of the defendants. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. On September 14, 1990, the plaintiffs purchased the subject property at 4 Fleetwood Avenue in Bethel. Sometime thereafter, Paula Parker claimed to have learned that the property had been the site of a gasoline station in the 1930s and 1940s. The plaintiffs brought suit and thereafter proceeded to trial on an eight count amended complaint that alleged (1) fraudulent misrepresentation on the part of the defendant Shirley Szot, (2) fraudulent failure to disclose on the part of all defendants, (3) negligent misrepresentation on the part of all defendants, (4) breach of contract on

---

[1] The defendants are (1) Shirley Szot, the seller, (2) Mary Connolly, the listing broker, (3) Connolly's agency, Shaker Real Estate, Inc., (4) Cathleen Andreucci, the selling broker, and (5) Andreucci's agency, Scalzo Realty, Inc.

[2] The original action was commenced by Paula Parker, Gary Parker and Audrey Moverly (Paula Parker's mother).

the part of the defendant Szot, (5) a violation of the Connecticut Unfair Trade Practices Act[3] (CUTPA) on the part of the defendants Shaker Real Estate, Inc., and Mary Connolly, (6) Gary Parker's loss of consortium claim against all defendants, (7) innocent misrepresentation on the part of all defendants, and (8) a second CUTPA claim alleging unfair and deceptive trade practices on the part of the defendant Shaker Real Estate, Inc.

At the close of the plaintiffs' case, the defendants each moved for directed verdicts. The trial court directed a verdict in favor of all defendants on all counts. After the verdict was received and read into the record, the jury was discharged. Upon discovering immediately thereafter that the names of two parties had been omitted from the caption of the verdict form, the court recalled the jury and opened the judgment. The court again directed a verdict for the defendants and discharged the jury. This appeal followed.

I

It is well established that "[a] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 752, 660 A.2d 810 (1995)." (Internal quotation marks omitted.) *Mullen* v. *Horton*, 46 Conn. App. 759, 763, 700 A.2d 1377 (1997). While our Supreme Court has acknowledged that "litigants have a constitutional right to have issues of fact decided by the jury and not by the court"; *Ardoline* v. *Keegan*, 140 Conn. 552, 555, 102 A.2d 352 (1954);

---

[3] General Statutes § 42-110b provides in relevant part: "Unfair trade practices prohibited. . . . (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ."

it has also recognized that "[w]hile the direction of a verdict is not favored, it is justified if upon the evidence the jury could not reasonably and legally have reached any other conclusion than that embodied in the verdict as rendered . . . and if, had the verdict been rendered for the other party, the evidence was so weak that it would be proper for the court to set it aside." (Citation omitted; internal quotation marks omitted.) *Lurier* v. *Danbury Bus Corp.*, 144 Conn. 544, 547, 135 A.2d 597 (1957).

Preliminarily, we note that our review reveals no evidence that potentially hazardous materials were ever buried on the property or were still located on the property when Gary Parker and plaintiff Audrey Moverly took title, nor was there any evidence in the record from which the jury could have found the existence of any buried gas tanks. There was no evidence presented from which the jury could have found either that the property had been subject to any diminution in value as a result of its prior use as a gasoline station, or that the plaintiffs had sustained any damages therefrom. We now examine the evidence as to each of the counts in the amended complaint in the light most favorable to the plaintiffs.

With respect to counts one and two, fraudulent misrepresentation and fraudulent failure to disclose, our Supreme Court has repeatedly stated that "[t]he essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." *Barbara Weisman, Trustee* v. *Kaspar*, 233 Conn. 531, 539, 661 A.2d 530 (1995). Additionally, "[t]he party asserting such a cause of action must prove the existence of the first three [elements of fraud] by a standard

higher than the usual fair preponderance of the evidence, which higher standard [is] 'clear and satisfactory' or 'clear, precise and unequivocal.' " Id., 540. Moreover, "[f]raud by nondisclosure, which expands on the first three of [the] four elements, involves the failure to make a full and fair disclosure of *known* facts connected with a matter about which a party has assumed to speak . . . ." (Emphasis added.) *Gelinas* v. *Gelinas*, 10 Conn. App. 167, 173, 522 A.2d 295, cert. denied, 204 Conn. 802, 525 A.2d 965 (1987). We find no evidence that any of the defendants either made a false representation to the plaintiffs with respect to the subject property or had knowledge of the prior use and history of the property. Absent such evidence, the plaintiffs' counts of fraudulent misrepresentation and fraudulent failure to disclose must necessarily fail.

We will consider the counts of innocent misrepresentation[4] and negligent misrepresentation together. Our Supreme Court has held that " 'even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.' " *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 575, 657 A.2d 212 (1995). "The governing principles [of negligent misrepresentation] are set forth in similar terms in § 552 [(1)] of the Restatement (Second) of Torts (1977): One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise

---

[4] We note that "[a] person is subject to liability for an innocent misrepresentation if 'in a sale, rental or exchange transaction with another, [he or she] makes a representation of a material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it . . . even though it is not made fraudulently or negligently.' " *Gibson* v. *Capano*, 241 Conn. 725, 730, 699 A.2d 68 (1997).

reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) Id. We find no evidence that any information regarding the prior use of the subject property was ever supplied to the plaintiffs by the defendants, or that any representation was ever made by the defendants to the plaintiffs with respect to the prior use of the property.[5] Moreover, the plaintiffs failed to present any expert testimony to establish the standard of care required of the defendant real estate agencies or their agents with respect to disclosure in the circumstances of this case. Our Supreme Court has previously determined that a claim of negligent misrepresentation fails where "the plaintiff [fails] to present the necessary expert testimony to inform the jury either about the applicable standard of professional skill or care or about the conformity of the defendant's conduct to that standard of professional behavior." *Dunham* v. *Dunham,* 204 Conn. 303, 317, 528 A.2d 1123 (1987). Thus, the claims for negligent misrepresentation and innocent misrepresentation must also fail.

In the fourth count of the amended complaint, breach of contract,[6] the plaintiffs allege that, "[a]s a result of the defendant Shirley Szot's breach of contract, the plaintiffs have suffered direct contract damages, as well as incidental and consequential damages." The plaintiffs presented no evidence to show direct contract

---

[5] The plaintiffs proffered no evidence to suggest that any of the defendants failed to exercise reasonable care or competence in obtaining the information regarding the prior use and history of the subject property. Moreover, the record reveals no evidence to suggest that the plaintiffs either relied on any representation regarding the history and prior use of the property or were induced to purchase the property by any representation made by any of the defendants.

[6] We note that the fourth count, breach of contract, sounds in a variety of claims that we herein do not address for lack of evidence presented in the record. These claims include implied covenant of good faith and fair dealing, express warranty and promise to convey marketable title.

damages, incidental damages or consequential damages. Specifically, no evidence was presented to show a diminution in market value of the property as a result of the alleged breach. Moreover, no evidence was presented regarding the damages that were allegedly sustained as a result of the prior use and history of the property as a gasoline station. Thus, the plaintiffs' evidence did not make out a prima facie case of breach of contract.

With respect to the allegations of CUTPA violations, our Supreme Court has stated that "[t]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief." (Internal quotation marks omitted.) *Service Road Corp.* v. *Quinn*, 241 Conn. 630, 638, 698 A.2d 258 (1997). "An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established." (Internal quotation marks omitted.) Id., 638, quoting *Hinchliffe* v. *American Motors Corp.*, 184 Conn. 607, 613, 440 A.2d 810 (1981). Here, no evidence of deprivation, detriment or injury was presented by the plaintiffs from which a jury could find the ascertainable loss required to prevail under a CUTPA claim.

With respect to the seventh count, loss of consortium, our Supreme Court has stated that "a cause of action for the loss of consortium is derivative of the injured spouse's cause of action. . . . [A]lthough it is derivative, it is still a separate cause of action, *dependent for its assertion on the legal viability of the cause of action in the injured party* . . . . [I]t is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." (Citations omitted; emphasis added; internal quotation marks omitted.) *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 563–64, 562 A.2d 1100 (1989). Because Paula Parker's claims were dismissed, the trial court properly directed

a verdict for the defendants on Gary Parker's loss of consortium claim.

## II

The plaintiffs next claim that after discharging the jury, the trial court improperly recalled the jury and again directed the verdict. We disagree.

We first note that the plaintiffs' counsel had an opportunity to review and, in fact, did review the directed verdict form before it was submitted to the jury. While counsel had the opportunity to object to the incomplete caption on the directed verdict form, no objection was raised until such time as the jury had exited the courtroom. The plaintiffs' counsel then demanded a mistrial based on the incomplete caption on the directed verdict form. "We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal. . . . *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 616, 236 A.2d 466 (1967)." (Internal quotation marks omitted.) *Kane* v. *Kane*, 43 Conn. App. 508, 511, 683 A.2d 1034 (1996). The text of each verdict form was exactly the same: "In this case, We, the Jury, find the issues for each and every one of the defendants as directed by the Court, and therefore award no damages." To grant the plaintiffs a new trial under these circumstances would be ludicrous.

## III

The plaintiffs' last contention is that Paula Parker's claims should not have been dismissed for lack of standing. Paula Parker concedes that she had no legal interest in the property and she alleges no equitable interest. Our Supreme Court has upheld the dismissal of a party's

claim where the "plaintiff had failed to demonstrate a legal interest in the subject matter . . . ." (Internal quotation marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 637, 662 A.2d 1251 (1995). As the sole purchasers of record, only Gary Parker and Moverly had any legal interest in the property.

Our review of the record discloses that the several defendants' motions to dismiss Paula Parker's claims were in writing with supporting briefs. No written opposition was ever filed by the plaintiffs. Moreover, Paula Parker has furnished no record of any oral opposition to the motions to dismiss. She now makes several factual claims in support of standing that were not presented to the trial court. It is well established that an appellate court should not "enlarge the proper scope of [its] appellate review either by finding facts or by drawing inferences from the facts actually found." *Mazzone* v. *Connecticut Transit Co.*, 240 Conn. 788, 797, 694 A.2d 1230 (1997). Moreover, "[a]n appellate court cannot find facts or draw conclusions from primary facts found, but may only *review* such findings to see whether they might be legally, logically and reasonably found." (Emphasis added.) *Katz Realty, Inc.* v. *Norwalk Fabricators, Inc.*, 14 Conn. App. 396, 401, 541 A.2d 519 (1988); see *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 543, 651 A.2d 1302 (1995); *State* v. *Rutledge*, 17 Conn. App. 250, 256, 552 A.2d 435 (1989); *Lembo* v. *Schlesinger*, 15 Conn. App. 150, 154, 543 A.2d 780 (1988). The record in this case does not support Paula Parker's claim that the trial court improperly dismissed the action as to her.

The judgment is affirmed.

In this opinion the other judges concurred.