[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The plaintiffs, Meredith F. Troy and Gordon M. Folger, have filed a two count complaint against the defendant, Joy Folger. The first count of the complaint is entitled "fraud." The second count of the complaint is entitled "interference with prospective advantage." Specifically, the plaintiffs complain that their stepmother provided them with a document which she claimed to be CT Page 5578 an accurate representation of their father's will. That document contained a provision for each child to receive a $20,000 bequest from their father. However, according to the plaintiffs, the defendant provided that document to the plaintiffs in order to mislead them into thinking that they were going to receive the bequest from their father. This fraud allegedly prevented them from "assisting their ill father to seek counsel to execute a [w]ill reflecting his testamentary desires."
The defendant has filed a motion to strike both counts of the complaint. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Peter-Michael Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, ___ A.2d ___ (1998).
The defendant moves to strike count one because "the plaintiffs failed to allege that their reliance on the defendant's alleged misrepresentation was the cause in fact of their loss."
"[T]he essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Parker v. Shaker Real Estate.Inc., 47 Conn. App. 489, 493, 705 A.2d 210 (1998).
In the present case, the plaintiffs allege: (1) that the defendant told the plaintiffs that a certain document was a true representation of the decedent's will; (2) that this statement was known to be untrue by the defendant; (3) that the statement was made to "induce the plaintiffs to refrain from assisting their ill father to seek counsel to execute a [w]ill reflecting his testamentary desires; and (4) that the plaintiffs did so refrain from assisting their father which "caused [them] each to be deprived of a [t]wenty [t]housand ($20,000.00) [d]ollar bequest." The plaintiffs have properly pleaded the essential elements required to maintain a cause of action sounding in fraud.
The defendant argues that "there is no nexus between . . . CT Page 5579 the plaintiffs' reliance upon the defendant's conduct and . . . the plaintiffs' failure to receive $20,000.00 bequests." This may or may not be true. However, such an inquiry would require this court to embark on a fact finding mission. The court is limited "to a consideration of the facts alleged in the complaint. A speaking motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996).
The first count of the plaintiffs' complaint is legally sufficient. The defendant's motion to strike count one of the complaint, therefore, is denied.
Count two is entitled "interference with a prospective advantage." The defendant moves to strike count two on the ground that the plaintiffs fail "to allege either a legally recognizable expectancy with which the defendant could have interfered, or that the defendant's alleged interference actually caused [the plaintiffs'] loss."
The defendant claims that the "essential elements of the tort of unlawful interference with prospective advantage" are found inDinapoli v. Cooke, 43 Conn. App. 419, 682 A.2d 603, cert. denied,239 Conn. 951, 239 A.2d 124 (1996). There, the court stated: "The essential elements of the tort of unlawful interference with a business relationship are (1) a business relationship between the plaintiff and another party, (2) the defendant's intentionally interfering with it while knowing of the relationship and (3) as a result of the interference, the plaintiff's suffering actual loss." Id., 426.
Dinapoli sets out the elements for a cause of action sounding in "unlawful interference with a business relationship. " The present case does not involve a business relationship. However, the court is unable to find authority which establishes the elements required to plead a cause of action sounding in "interference with a prospective advantage." And, the plaintiffs' brief is devoid of discussion or authority regarding this cause of action. An issue that is inadequately briefed is deemed abandoned. Commission on Human Rights and Opportunities v.Truelove Maclean, Inc., 238 Conn. 337, 344 n, 11, 680 A.2d 1261
(1996); Cummings v. Twin Tool Manufacturing Co. Inc.,40 Conn. App. 36, 45, 668 A.2d 1346 (1995). CT Page 5580
Absent discussion to the contrary, the court assumes that the plaintiffs are indeed alleging a cause of action sounding in unlawful interference with a business relationship. The plaintiffs fail to allege the existence of a business relationship. Therefore, count two is legally insufficient. The defendant's motion to strike count two is granted.
So ordered.
Dated at Stamford, Connecticut this 8 day of May, 1998.
KARAZIN, J.