[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #111
The plaintiff, Walsh Securities, Inc.,[1] filed a complaint against Jeffrey and Felicia Daniels on June 27, 1998. The plaintiff alleges that the defendants owed it $108,500 as evidenced by a promissory note. To secure the note, the defendants mortgaged to the plaintiff the premises located at 51 Texas Avenue, Bridgeport, on June 30, 1997. The note and mortgage are now in default, and the plaintiff seeks to foreclose on the property.
On July 28, 1998, the defendants filed an answer and four special defenses. The plaintiff filed a motion to strike each of the special defenses on the grounds that they fail to allege facts as opposed to legal conclusions, fail to attack the making, validity or enforcement of the note or mortgage, or are legally insufficient. The defendants filed an objection to the motion to strike on September 14, 1998.
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985). In ruling on the motion to strike, the trial court must take the facts to be those alleged in the special defenses and construe the defenses in the CT Page 11074 manner most favorably to sustaining their legal sufficiency.Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc.. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Chapman v. Norfolk Dedham Mutual Fire Ins. Co.,39 Conn. App. 306, 332, 665 A.2d 112, cert. denied, 235 Conn. 925,666 A.2d 1185 (1995).
"The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud . . . equitable estoppel . . . CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury . . . unconscionability of interest rate . . . duress, coercion, material alteration, and lack of consideration. . . . Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. . . . These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.).
The defendants' first special defense provides: "The terms of and the circumstances surrounding the loan transaction upon which the Plaintiff brings this foreclosure action are unconscionable." The defendants here have failed to plead any facts specifying what terms or conduct was unconscionable. As pleaded, the first special defense is a legal conclusion. In addition, because the CT Page 11075 defendants have failed to plead facts indicating that the alleged unconscionable conduct is related to the making, validity or enforcement of the mortgage and note, the special defense is not proper in the context of a foreclosure action. Accordingly, the motion to strike the first special defense is granted.
The defendants' second special defense states: "The promissory note and mortgage given by the Defendants to the Plaintiff upon which the Plaintiff brings this foreclosure action were entered into by the Defendants solely as a result of the fraudulent conduct and activities of the Plaintiff. The Defendants executed the mortgage note and deed in reliance upon the fraudulent representations and actions of the Plaintiff."
"[T]he essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and was known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party did so act upon that false representation to his injury." Parker v. Shaker Real Estate,Inc., 47 Conn. App. 489, 493, 705 A.2d 210 (1998).
The defendants have failed to allege facts to satisfy the elements of fraudulent misrepresentation. The defendants only allege legal conclusions. The defendants have not alleged in what manner the plaintiff acted to their injury or what action the plaintiff intended to induce by its representations. See BerkeleyFederal Bank Trust v. Rotko, Superior Court, Docket No. 318648. Accordingly, the motion to strike the second special defense is granted.
The third special defense states: "The note and mortgage deed given the Defendants by the Plaintiff was the result of the Plaintiff's fraudulent and deceptive actions which constitute a breach of its implied covenant of good faith and fair dealing."
"Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectation of the other party. . . ." Magnan v. Anaconda Industries, Inc., 193 Conn. 558,566, 479 A.2d 781 (1984), citing Restatement (Second) Contracts § 205 (1979). "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles, . . . a defendant must plead sufficient CT Page 11076 facts to justify its application." (Citation omitted.) ShawmutBank v. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
The defendants have failed to allege any facts which show a breach of the covenant of good faith. The defendants have failed to allege that the expectations of the contracting parties were other than those embodied in the note and mortgage. Accordingly, because the third special defense contains only legal conclusions the plaintiff's motion to strike is granted.
The fourth special defense states: "The loan transaction which resulted in the Plaintiff's giving the mortgage note and deed to the Defendant upon which the Plaintiff bases its action was fraught with numerous violations of Title 12 U.S.C. § 2601, et seq. (Real Estate Settlement Procedures), and Title15 U.S.C. § 1602, et seq. (Consumer Credit Protection), and amount to unfair and deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a, et seq. Enforcement of the terms of the mortgage deed and note are precluded because of these violations."
The criteria used to determine whether certain practices violate CUTPA are: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." (Internal quotation marks omitted.) AssociatedInvestment Co. Ltd. Partnership v. Williams Associates IV,230 Conn. 148, 645 A.2d 505 (1994).
The defendants have failed to plead facts regarding any of the above criteria. Therefore, the defendants' allegation that CUTPA is applicable here is a legal conclusion. Accordingly, the plaintiff's motion to strike the fourth special defense is granted.
The plaintiff's motion to strike all four of the defendants' special defenses is granted on the ground that each states only legal conclusions. CT Page 11077
BALLEN, J.