[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case, the plaintiffs (Farrahs) seek to recover damages for personal injuries allegedly sustained by them and their minor children as a result of their 1993 exposure to lead-based paint on the interior and exterior surfaces of a house that they purchased in 1990 from the defendant Alfred Acker, Jr. (Acker) and for lack of sufficient consideration for the sale. The fifth revised complaint[1] alleges common law negligence in the first count and misrepresentation in the second count. Acker has moved for summary judgment on the ground that he owed no duty to the Farrahs and is entitled to judgment as a matter of law.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must also provide evidence to CT Page 11288 demonstrate the existence of such an issue. See Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998)
The essential facts, as alleged in paragraphs 1 through 5 of each count of the complaint, are: Rommerro and Lisa W. Farrah and their minor children, Rebecca and George, are presently residing at 67 Lexington Avenue, West Hartford, Connecticut. The defendant Alfred Acker ("Acker") is presently residing in Niantic, Connecticut. The Farrahs entered into a purchase and sale agreement on or about June 8, 1990 with Acker for the purchase and sale of 67 Lexington Avenue. As part of their agreement, the Farrahs agreed to paint the exterior and Acker agreed to take back a mortgage. In December, 1993, the Farrahs discovered they were exposed to lead paint, both intact and non-intact, on the interior and exterior surfaces of the premises and the presence of lead paint had not been known to them previously.
The existence of a duty of care is a question of law for the court, see e.g., Jaworski v. Kiernan, 241 Conn. 399, 404,696 A.2d 332 (1997), and may be decided on a motion for summary judgment. See Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997). The "threshold inquiry" for the existence of a duty is "whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . . [I]f it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff." RK Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 385-86, 650 A.2d 153 (1994)
In an earlier opinion in this case, Farrah v. Acker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555890 (May 27, 1998, Lager, J.) (22 Conn. L. Rptr. 39), this court ruled that, under the facts as alleged, Acker had no common law duty to the Farrahs to disclose the presence of lead, inspect for lead paint or de-lead the premises. The plaintiffs have failed to provide any evidentiary foundation to raise a genuine issue of material fact regarding any duty[2]
that Acker, as the vendor of land, had to them, as vendees, under the common law.
The common law negligence claim asserted in the first count of the complaint is governed by the provisions of section 352 and 353 of the Restatement(Second) of Torts.[3] The general rule CT Page 11289 concerning a vendor's liability to a vendee is that "a vendor of land is not subject to liability for physical harm caused to his vendee or others . . . after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession." 2 Restatement (Second), Torts § 352 (1965); 77 Am.Jur.2d § 326. The exception to the rule holds liable a vendor "who conceals or fails to disclose any condition . . . which involves unreasonable risk . . . if (a) the vendee does not know or have reason to know of the condition or the risk involved, .and (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk." 2 Restatement (Second), Torts, § 353; 77 Am.Jur.2d § 328. However, "[t]he vendor is under no duty to either his vendee or those who may be expected to enter upon or use the land in his right, to inspect the land in order to discover its actual condition." 2 Restatement (Second), Torts, § 353, comment (b).
The Farrahs claim that Acker must have known of the presence of lead paint. To raise a genuine issue of material fact, they have submitted excerpts from Acker's testimony in a related foreclosure action that he required them to paint the exterior of the house as a condition of taking back a mortgage on the property and that the house had been in his family for many years.
However, even if Acker knew that there was lead-based paint on the premises, he owed no duty to the Farrahs. As a seller of real estate, Acker could reasonably expect that the Farrahs would make their own examination and draw their own conclusions at to the condition of the property. See e.g., 2 Restatement (Second), Torts, § 353, comment (d). Indeed, it is undisputed both that the Farrahs were aware that the paint was deteriorating and that they chose to not have the home inspected, although the purchase and sale agreement included a home inspection clause. It would be unreasonable for Acker to conclude that his failure to warn the Farrahs about the presence of lead-based paint would result in foreseeable harm to the Farrahs when the Farrahs themselves could have discovered that condition upon reasonable inspection and when they were well aware of the deteriorating condition of the paint.
The second count of the complaint against Acker alleges that, because he misrepresented "the lead paint condition" and failed CT Page 11290 to disclose it, there was insufficient consideration for the sale. There is no evidence that Acker made any representations to the Farrahs regarding the presence or absence of lead paint on the premises nor that they relied upon anything Acker told them.[4] An essential element of misrepresentation is that the defendant made a statement of material fact upon which the plaintiffs relied. See Parker v. Shaker Real Estate, Inc.,47 Conn. App. 489, 493-95, 705 A.2d 210 (1998)
The plaintiffs rely on Acker's failure to disclose the lead paint condition to them, but he had no duty to do so. "Usually, mere nondisclosure does not amount to fraud. . . . Nondisclosure may, however, amount to fraud when there is a failure to disclose known facts under circumstances that impose a duty to speak." (Citation omitted.) Bernard v. Gershman, 18 Conn. App. 652, 656,559 A.2d 1171 (1989). "In a case involving a defendant's alleged fraudulent silence, the general rule is that the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendee to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry by the vendee." (Internal quotation marks omitted.) Kenney v. Healy Ford-Lincoln-Mercury, Inc.,53 Conn. App. 327, 332-33, ___ A.2d ___ (1999). "[O]nce a vendor undertakes to speak on a subject, the vendor must then make a full and fair disclosure as to that subject. . . ." (Citation omitted.) Bernard v. Gershman, supra, 18 Conn. App. 656. The Farrahs did not request any information regarding lead paint, Acker did not volunteer any information about lead paint and. Acker was under no duty to provide information about lead paint at the time of this transaction.[5]
Acker has met his burden of demonstrating the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is granted and judgment shall enter on the complaint in favor of the defendant Alfred W. Acker, Jr.
Linda K. Lager, Judge