[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 117)
Before the court is defendant Bridgeport Hospital's motion to strike counts three, four and six of the plaintiff's complaint. On or about April 27, 1997, Robert O'Connell, died while an inpatient at Bridgeport Hospital, the defendant. On April 27, 1999, the plaintiff, Barbara O'Connell, as both administratrix of her husband's estate and for herself, filed a six-count complaint alleging the following. In February of 1997, Robert O'Connell was hospitalized in Bridgeport Hospital for various health problems. In March of 1997, he executed a living will in CT Page 5812 which the plaintiff was appointed his health care agent thereby authorizing her to be the individual to consider and carry out any wishes the decedent had regarding removal of life support. Bridgeport Hospital was provided with copies of these documents. In late April of 1997, the plaintiff traveled out of state to look for a possible long-term health facility for the decedent. The plaintiff left instructions with Bridgeport Hospital as to where and how she could be reached. While the plaintiff was gone, the plaintiff's step-son requested that Dr. Steven Urciuolo, a physician and a co-defendant in this case, remove the decedent's ventilator tube. The plaintiff alleges, inter alia, that Dr. Urciuolo was not the decedent's regular physician. The plaintiff alleges that she neither gave her consent, nor was she consulted as to the removal of the ventilator tube and was not present when the decedent died.
The complaint alleges that Bridgeport Hospital was negligent in its conduct by removing the life support system and not consulting the plaintiff or the documents provided to it concerning the living will. As a result of this conduct, the complaint further alleges causes of action for wrongful death, loss of consortium, and negligent infliction of emotional distress against Bridgeport Hospital.
On December 3, 1999, Bridgeport Hospital filed this motion to strike with an accompanying memorandum of law. On December 16, 1999, the plaintiff filed a memorandum in objection thereto.
"Because a motion to strike challenges the legal sufficiency of a pleading . . . [it] requires no factual findings by the trial court. . . . [Before] granting . . . a motion to strike, [the trial court] must read the allegations of the complaint generously to sustain its viability, if possible. . . . [The court] must, therefore, take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.) ATCPartnership v. Windham, 251 Conn. 597, 603, ___ A.2d ___ (1999).
 A Wrongful Death
The defendant, Bridgeport Hospital, argues that the plaintiff does not state a sufficient cause of action in count three for wrongful death because the hospital is statutorily not responsible for removing life support. Furthermore, the defendant contends that the plaintiff has not alleged that Dr. Steven Urciuolo is an agent, servant or employee of the defendant. The plaintiff responds that a hospital, by itself, can be CT Page 5813 subject to liability for life support removal as a basis for wrongful death and that an agency relationship between Dr. Urciuolo and Bridgeport Hospital can be implied by the circumstances and does not have to be alleged for purposes of this cause of action.
"[T]his court reiterated the one hundred and thirty-one year adherence by the courts of this state to the almost unanimously held principle of law . . . that there is no civil right of action at common law for damages resulting from the death of a human being. . . . With only a few exceptions, courts in America have almost universally accepted, and continue to accept, the rule that a civil action for wrongful death was not recognized at common law, and that no such cause of action may be maintained except under the terms and authority of a statute." (Citations omitted; internal quotation marks omitted.) Ecker v. WestHartford, 205 Conn. 219, 226-27, 530 A.2d 1056 (1987). "A cause of action authorized by [General Statutes] § 52-555,[1] also known as Connecticut's wrongful death statute, does not create a new cause of action. It is a continuation of that which the decedent could have asserted had he lived." Holzmaier v. Assoc. Interests of Danbury,
Superior Court, judicial district of Danbury, Docket No. 317386 (March 19, 1998, Radcliffe, J.).
In the Removal of Life Support Systems Act, General Statutes §§ 19a-570
et seq.,[2] "the legislature, cognizant of a common law right of self-determination and of a constitutional right to privacy, sought to provide a statutory mechanism to implement these important rights."McConnell v. Beverly Enterprises-Connecticut, Inc., 209 Conn. 692,698-99, 553 A.2d 596 (1989). In McConnell, although the action was not for civil damages like the present case, the plaintiff in that case pursued injunctive and declaratory relief against the defendant facility
as well as individual medical personnel under the Removal of Life Support Systems Act. (Emphasis added.) See McConnell v. BeverlyEnterprises-Connecticut, supra, 209 Conn. 695.
"[W]hen the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . [I]t is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." (Citations omitted; internal quotation marks omitted.) Christian ActivitiesCouncil, Congregational v. Town Council, 249 Conn. 566, 618, 735 A.2d 231
(1999). "Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, there is no room for construction. . . ." (Citation omitted; internal quotation marks omitted.) Gural v. Fazzino, 45 Conn. App. 586, 588, 696 A.2d 1307
(1997). CT Page 5814
Here, the plaintiff has stated a sufficient cause of action in wrongful death and Bridgeport Hospital's argument that it cannot be liable under § 19a-571 (a) is without merit. According to the plaintiff's complaint, she is the administratrix of the decedent's estate and has been properly authorized to initiate this action on behalf of the estate. Moreover, the plaintiff has alleged sufficient facts for the requisite injuries, damages, and costs associated with wrongful death. See General Statutes § 52-555.
More specifically, the language of General Statutes § 19a-571 (a) subjects Bridgeport Hospital to liability for negligent removal of life support. The legislature decided to use the clear language "any physician licensed under Chapter 370 or any licensed medical facility" to describe the parties who would not be liable unless there was a violation of the ensuing statutory provisions regarding removal of life support. See General Statutes § 19a-571 (a). Such language is unambiguous, and demonstrates a clear intent on the part of the legislature to include facilities such as Bridgeport Hospital within the meaning of § 19a-571 (a). See Christian Activities Council,Congregational v. Town Council, supra, 249 Conn. 618.
Furthermore, the plaintiff has alleged sufficient facts to state a claim pursuant to § 19a-571 (a) against Bridgeport Hospital. The plaintiff has adequately alleged that Dr. Urciuolo was not the decedent's regularly attending physician which the statute requires throughout its provisions. See General Statutes § 19a-571 (a). The plaintiff has also sufficiently alleged that there was no consideration of the documents that the decedent executed pursuant to General Statutes §§ 19a-575[3] and 19a-575a.[4] (See Plaintiff's Complaint, Count Three, ¶ 11). Moreover, assuming arguendo that the documents were not available for consideration, the plaintiff has alleged sufficient facts from which to conclude that she left information-as to where and how she could have been reached since she was the decedent's health care agent. (See Plaintiff's Complaint, Count Three, ¶¶ 7-10). In addition to Bridgeport Hospital having been provided with this information, the plaintiff has alleged that she was never consulted on the decision to remove life support. (See Plaintiff's Complaint, Count Three, ¶¶ 7-10). Thus, by construing the complaint in favor of the pleader, the plaintiff has stated a cause of action against Bridgeport Hospital pursuant to the Removal of Life Support Systems Act. See General Statutes § 19a-571 (a)(3). Consequently, as Bridgeport Hospital may be subject to liability under § 19a-571 (a), and since the plaintiff has sufficiently alleged a cause of action in wrongful death, Bridgeport Hospital's motion to strike the third count of the plaintiff's complaint is denied. CT Page 5815
 B Loss of Consortium
Bridgeport Hospital moves to strike count four of the complaint, on the ground that the plaintiff has failed to state a cause of action for loss of consortium. Specifically, Bridgeport Hospital argues that a consortium action is derivative of the injured spouse's action and therefore, if the plaintiff's wrongful death action in count three is insufficient, the plaintiff's consortium action is insufficient as well. The plaintiff does not specifically address or respond to this consortium argument in its memorandum in opposition to the motion to strike.
The Connecticut Supreme Court "first recognized a common-law claim for loss of spousal consortium in Hopson v. St. Mary's Hospital, 176 Conn. 485,487, 408 A.2d 260 (1979). Therein, we defined consortium as encompassing the services of the [injured spouse], the financial support of the [injured spouse], and the variety of intangible relations which exist between spouses living together in marriage. . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations. . . . These intangibles have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted; internal quotation marks omitted.) Jacoby v.Brinckerhoff, 250 Conn. 86, 90-91, 735 A.2d 347 (1999). "[A] cause of action for the loss of consortium is derivative of the injured spouse's cause of action. [A]lthough it is derivative, it is still a separate cause of action, dependent for its assertion on the legal viability of the cause of action in the injured party. . . . [I]t is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Parker v. Shaker Real Estate, Inc.,47 Conn. App. 489, 496, 705 A.2d 210 (1998).
"[I]t was in response to Ladd v. Douglas Trucking Co., 203 Conn. 187,523 A.2d 1301 (1987), that the legislature enacted Public Acts 1989, No. 89-148, now General Statutes § 52-555a,[5] permitting loss of consortium claims in conjunction with wrongful death actions." Lynn v.Haybuster Mfg., Inc., 226 Conn. 282, 296 n. 12, 627 A.2d 1288 (1993). "[T]he general assembly enacted Connecticut General Statutes §§ 52-555a
and 52-555b[6] which now allow a claim for postmortem spousal consortium." Deglin v. Norwich Free Academy, Superior Court, judicial district of New London at New London, Docket No. 546339 (April 7, 1999,Hurley, J.T.R.). "Because the wrongful death statute is a statute in CT Page 5816 derogation of common law, creating a liability that theretofore did not exist, and contained no provisions or language that could be interpreted to include a loss of consortium claim, the legislature had to enact General Statutes § 52-555a to include specifically the loss of consortium provision." Lynn v. Haybuster Mfg., Inc., supra, 226 Conn. 297
n. 12.
Here, the plaintiff has stated sufficient facts to properly allege a cause of action for loss of consortium in the wrongful death context. Bridgeport Hospital's argument that the plaintiff's claim is insufficient fails for two reasons. First, and most significantly, a spousal loss of consortium action arising out of a wrongful death claim is expressly allowed by statute in spite of its derivative nature. See General Statutes §§ 52-555a and 52-555b; Parker v. Shaker RealEstate, Inc., supra, 47 Conn. App. 496. Second, this court has already found that the plaintiff stated sufficient facts for a claim in wrongful death in count three of the complaint. Since the plaintiff has stated a viable cause of action for wrongful death in count three, there is an underlying cause of action to support the derivative loss of consortium claim in count four. See Parker v. Shaker Real Estate, Inc., supra,47 Conn. App. 496. Moreover, the plaintiff alleges specific facts that demonstrate Bridgeport Hospital's alleged negligence, if proven to be true, resulted in the plaintiff being unable to be with her husband at the time of his death and that she suffered the requisite antemortem and postmortem loss of consortium. Therefore, the plaintiff has alleged sufficient facts for spousal loss of consortium in connection with a wrongful death action; consequently, Bridgeport Hospital's motion to strike count four of the plaintiff's complaint is denied.
 C Negligent Infliction of Emotional Distress
Bridgeport Hospital moves to strike count six of the plaintiff's complaint on the ground that the plaintiff does not sufficiently allege a cause of action for negligent infliction of emotional distress. In particular, Bridgeport Hospital contends that the plaintiff has not applied the formal language necessary to demonstrate that Bridgeport Hospital should have realized its conduct involved an unreasonable risk of causing emotional distress for purposes of this tort. The plaintiff responds that no magic words are required as long as the defendant is put on sufficient notice of the facts claimed and the cause of action alleged. The plaintiff asserts that her complaint does just that.
The Connecticut Supreme Court "first recognized a cause of action for negligent infliction of emotional distress in Montinieri v. Southern NewCT Page 5817England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978). [The court concluded] . . . that in order to state such a claim, the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v.United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997). The emotional distress "must be reasonable in light of the conduct of the [defendant]." Barret v. Danbury Hospital, 232 Conn. 242, 261, 654 A.2d 748
(1995).
"[W]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . ." Doe v. Yale University, 252 Conn. 641, 667, ___ A.2d ___ (2000). Furthermore, "[t]he plaintiff need not resort to the incantation of magic words. Instead, its pleading must be held to satisfy the requirement of the Practice Book if the facts set forth herein, including all facts necessarily implied therefrom, support the essential elements of the cause of action." (Internal quotation marks omitted.) United Illuminatincr v. Winthrop Health Care, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354679 (February 20, 1998, Hartmere, J.).
In the present case, the plaintiff has sufficiently alleged a cause of action for negligent infliction of emotional distress. The sixth count alleges, inter alia, the following facts. On March 28, 1997, the decedent executed a living will in which the plaintiff was appointed health care agent for the decedent which thereby authorized her to be the individual to consider and carry out any wishes that he had regarding removal of life support. The plaintiff provided Bridgeport Hospital with copies of these documents. The plaintiff left instructions with Bridgeport Hospital as to where and how the plaintiff could be reached while she was out-of-state. Without the plaintiff being present, having knowledge or giving consent, Bridgeport Hospital removed the ventilator tube, her husband died the next day and, as a result, she has suffered and continues to suffer emotional distress. This court can imply from these allegations, in count six, that the defendant "should have realized that its conduct involved an unreasonable risk of causing the distress." Thus, the plaintiff did not have to technically apply the phrase "should have realized" to properly allege an action for negligent infliction of emotional distress in this case. Therefore, Bridgeport Hospital's motion to strike count six of the plaintiff's complaint is CT Page 5818 denied.
For all the foregoing reasons, Bridgeport Hospital's motion to strike the third, fourth, and sixth counts of the plaintiff's complaint is denied.
SKOLNICK, J.