[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In its fifth revised complaint, the plaintiff asserts two claims against the defendant Excel Data Systems, Inc. ("Excel"):[1] a claim of breach of contract in the first count and a claim of tortious interference with business expectancies in the second count. The defendant has moved to strike both counts as well as the complaint's request for punitive damages.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214 (1992). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Suffield Devel. Assoc. L.P. v.National Loan Inv., 64 Conn. App. 192, 197 (2001). "The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action. Dodd v. Middlesex Mutual Assurance Company, 242 Conn. 375,378 (1997).
In the first count of the fifth revised complaint, the plaintiff alleges that Carl Sastram is the owner and operator of Excel. It further alleges that on or about September 18, 1995, the plaintiff and Excel entered into a written agreement pursuant to which Excel agreed to provide the services of Excel's consultant, Carl Sastram, to Pop Fasteners, a client of the plaintiff. The agreement provided that, while performing services under the agreement and for a period of one year after termination of the agreement, neither Excel nor Sastram would solicit or accept business from Pop Fasteners. According to the complaint, the written agreement was originally for a one-year period, ending September CT Page 1475 18, 1996.
The plaintiff alleges that notwithstanding the written agreement's termination date of September 18, 1996, Excel and Sastram continue to perform the same services to Pop Fasteners as those provided pursuant to the written agreement, continue to bill the plaintiff for those services and continue to be paid by the plaintiff for those services. The plaintiff asserts that "Despite the termination date of the original Agreement, the parties have performed under a contract implied in fact by their actions . . ." The plaintiff further alleges that Excel and Sastram have solicited and accepted business from Pop Fasteners.
Excel seeks to strike the first count of the plaintiff's fifth revised complaint on the grounds, inter alia, that it fails to contain sufficient allegations of an agreement by the defendant to continue to be bound after termination of the written agreement by the covenant not to compete. I agree with the defendant that the first count of the fifth revised complaint fatally fails to allege the existence and breach of a covenant not to compete.[2]
To put it kindly, the first count of the fifth revised complaint is inartfully drafted. It is confusing and lacks obvious and essential factual allegations. Although the complaint alleges that the parties performed under a contract implied by their actions, it fails to allege the terms of that contract. Most importantly, the fifth revised complaint fails to allege that the implied contract contained a covenant not to compete and it fails to allege that the defendant violated that covenant.
The initial complaint filed by the plaintiff in this action contained allegations that the parties continued to perform under the same terms and conditions of the written agreement after its expiration and that, by doing so, the parties assented to the continuation of the written agreement. These allegations have inexplicably been dropped from the fifth revised complaint. Moreover, they have been replaced by a significantly more qualified allegation that "the parties have continued to substantially perform to this day under essentially the same terms and conditions as are spelled out" in the written agreement.
Our rules of practice require fact pleading. Practice Book § 10-1. The pleading must fairly apprise the adverse party of the facts which underlie the claim. Practice Book § 10-2. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint.Waters v. Autuori, 236 Conn. 820, 825 (1996). Because the first count of the plaintiff's fifth revised complaint fails to allege that the implied CT Page 1476 contract contained a covenant not to compete and the actions of the defendant violated that covenant, it fails to state a claim for breach of contract and must be stricken.
The defendant has moved to strike the second count of the fifth revised complaint which purports to assert a claim of tortious interference with business expectancies on the grounds that (1) it fails to allege the necessary elements of improper motive or improper means and (2) it fails to allege that the plaintiff suffered an actual loss. I agree that the second count of the plaintiff's complaint fails to state a claim of tortious interference because it lacks factual allegations that the defendant acted maliciously or tortiously.
 "It is well established that the elements of a claim for tortious interference with business expectancies are: (1) a business relationship between the plaintiff and another party; (2) the defendant's intentional interference with the business relationship while knowing of the relationship; and (3) as a result of the interference, the plaintiff suffers actual loss. Solomon v. Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985); Herman v. Endriss, 187 Conn. 374, 377, 446 A.2d 9 (1982); Harry A. Finman Son, Inc. v. Connecticut Truck Trailer Service Co., 169 Conn. 407, 415, 363 A.2d 86 (1975)." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 27, 761 A.2d 1268 (2000).
 An action for tortious interference with a business expectancy is well established in Connecticut. The plaintiff need not prove that the defendant caused the breach of an actual contract; proof of interference with even an unenforceable promise is enough . . . A cause of action for tortious interference with a business expectancy requires proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously . . . Jones v. O'Connell, 189 Conn. 648, 660, 458 A.2d 355
(1983). It is also true, however, that not every act that disturbs a contract or business expectancy is actionable. Blake v. Levy, 191 Conn. 257, 260, 464 A.2d 52 (1983). A defendant is guilty of tortious interference if he has engaged in improper conduct. Id., 261; see 4 Restatement (Second), Torts §§ 766, 766B, 767 (1979). [T]he plaintiff [is required] to plead and prove at least some improper motive or improper means. Kakadelis v. DeFabritis, 191 Conn. 276, 279, 464 A.2d 57(1983); Blake v. Levy, supra, 262 . . .
Stated simply, to substantiate a claim of tortious interference with a business expectancy, there must be evidence that the interference resulted from the defendant's commission of a tort. CT Page 1477
Suffield Devel. Assoc. L.P. v. National Loan Inv., 64 Conn. App. 192,204-05 (2001).
The plaintiff maintains that it has alleged sufficient facts to state a claim of tortious interference with a business expectancy because it has alleged that the defendant failed to advise Pop Fasteners that the defendant had agreed not to solicit or accept business from the plaintiff's clients. The plaintiff asserts that this failure to so advise Pop Fasteners constitutes misrepresentation and fraud and is sufficient to establish tortious interference.
Misrepresentation denotes spoken or written words or any other conduct that amounts to an assertion not in accordance with the truth. 3 Restatement (Second), Torts § 525, comment b (1977). The tort of negligent misrepresentation comprises "one who in the course of his business, profession or employment supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Craine v.Trinity College, 259 Conn. 625, 661 (2002).
 The elements comprising an action in fraud or fraudulent misrepresentation are that: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." (Internal quotation marks omitted.) Parker v. Shaker Real Estate, Inc., 47 Conn. App. 489, 493, 705 A.2d 210 (1998). Fraud by nondisclosure "expands on the first three of [the] four elements [and] involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak . . ." (Emphasis in original; internal quotation marks omitted.) Id., 494, quoting Gelinas v. Gelinas, 10 Conn. App. 167, 173, 522 A.2d 295, cert. denied, 204 Conn. 802, 525 A.2d 965 (1987). "To constitute [fraud by nondisclosure], there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak."
Statewide Grievance Committee v. Egbarin, 61 Conn. App. 445, 454
(2001).
The second count of the plaintiff's fifth revised complaint is devoid of any factual allegation that the defendant supplied false information CT Page 1478 to Pop Fasteners or to any one else. The defendant had no duty to Pop Fasteners to disclose the existence of the non-compete covenant. Any duties imposed on the defendant by the implied contract ran to the plaintiff, not to Pop Fasteners. Moreover, there is no allegation in the second count of the complaint that Pop Fasteners acted in reliance on the non-disclosure to its detriment or injury.
The plaintiff fails to allege that the defendant harbored any improper purpose, used any improper means or committed any tort in its solicitation or acceptance of business from Pop Fasteners. The mere assertion that the defendant failed to disclose a non-compete agreement does not transform a breach of contract claim into a claim of tortious interference with business relations.
Finally, the defendant contends that the plaintiff's request for punitive damages should be stricken because the complaint fails to allege reckless or willful conduct on the part of the defendant.
To furnish a basis for the recovery of punitive damages, the facts must establish wanton or willful malicious misconduct. Markey v. Santangelo,195 Conn. 76, 77 (1985). "A willful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. A willful or malicious injury is one caused by design. Willfulness and malice alike import intent. Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Internal quotation marks and citations omitted.) Id., 77-78.
The plaintiff's fifth revised complaint fails to allege any facts which would constitute malicious or wanton misconduct or any facts which would warrant a finding that the defendant intentionally injured the plaintiff. See Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116,128 (1966). Absent such factual allegations, a request for punitive damages is inappropriate and must be stricken.
In light of the above, the defendant's motion to strike the first and CT Page 1479 second counts of the plaintiff's fifth revised complaint and to strike the plaintiff's request for punitive damages is hereby granted.
The defendant has also requested that the court issue an order prohibiting the plaintiff from filing any further amendments to its complaint. The defendant asserts that the plaintiff has now filed an original and five revised complaints and has had ample opportunity to plead a clear and concise claim against it.
Pursuant to Practice Book § 10-44, a party whose pleading has been stricken has the right to file a new pleading within fifteen days after the granting of any motion to strike. Although the court has the authority to restrain amendments so far as necessary to compel the parties to join issue in a reasonable time for trial, Practice Book §10-60(b), the age of this case does not warrant the exercise of that authority at this time. The defendant's request is hereby denied.
BY THE COURT
Jon M. Alander, Judge